IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ELVIN S. VILLANUEVA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:11-CV-03591-O-BH |
| | § | |
| WELLS FARGO  BANK, *N.A. Servicer &* | § | |
| *Mortgagee* | § | |
| Defendants. | § | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to Special Order No. 3-251, this case has been referred for pretrial management.

Before the Court for recommendation is *Plaintiff's Opposed Motion to Dismiss Without*

*Prejudice*, filed September 28, 2012 (doc. 19).  Based on the relevant filings and applicable law,

the motion should be **GRANTED** unconditionally.

I.  BACKGROUND

On December 5, 2011, Elvin S. Villanueva (Plaintiff) filed a *pro se* petition against Wells

Fargo Bank, N.A. (Defendant) in the 14th Judicial District Court of Dallas County, Texas, seeking

to prevent it from foreclosing on his home at 5247 Beeman Avenue, Dallas, Texas 75223 (the

Property). (docs. 1-5.) On December 29, 2011, Defendant removed the action to federal court based

on diversity jurisdiction.  (*Id*.)  The Court entered a scheduling order on January 23, 2012, that set

discovery deadline of June 28, 2012, a mediation deadline of July 12, 2012, and a dispositive motion

deadline of July 26, 2012. (doc. 7.)

Plaintiff retained counsel who entered an appearance on May 10, 2012.  (doc. 8.)  On June

14, 2012, Defendant moved for judgment on the pleadings pursuant to Rule 12(c). (docs. 9, 11.)

Plaintiff did not respond to this motion. (*Id*.)  On July 19, 2012, Defendant filed a status report

stating that its counsel had been unable to reach Plaintiff's counsel, and that Plaintiff had failed to

attend mediation on July 12, 2012.  (doc. 13.)  During a telephonic status conference on September

21, 2012, Plaintiff's counsel explained that he missed the mediation due to confusion on the exact

date.  (doc. 17.)  He expressed his intention to reschedule the mediation in an effort to settle the case

or to file an appropriate motion with the Court.  (*Id*.)

On September 28, 2012, Plaintiff moved to dismiss the case without prejudice.  The motion

is now ripe for consideration.

## II. ANALYSIS

Plaintiff moves to dismiss the action without prejudice under Fed. R. Civ. P. 41 (a)(2)

based on Defendant's review of his documentation for a possible loan modification.  (doc. 19.)

He contends Defendant will not be prejudiced or denied any defense.  (*Id.* at 2.)  Defendant

responds that the action should be dismissed with prejudice, or alternatively, that Plaintiff should

be required to pay its attorneys fees and costs.  (doc. 21.)  It notes that Plaintiff has not answered

discovery, responded to a dispositive motion, or attended mediation and as well as its belief that

he will try to bring a new lawsuit later to stall an upcoming foreclosure.  (*Id.*).

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that after a defendant files

either an answer or a motion for summary judgment, and if it does not consent to the voluntary

dismissal, an action may be dismissed on the plaintiff's request only by court order on terms it

considers proper.  Fed. R. Civ. P. 41(a)(2); *In re FEMA Trailer Formaldahyde Products*

*Liability*, 628 F.3d 157 (5th Cir. 2010); *Hyde v. Hoffmann-La Roche, Inc.*, 511 F.3d 506, 509

(5th Cir. 2007); *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 320 (5th Cir. 2002).  The

decision regarding whether an action should be dismissed under Rule 41(a)(2) is within the

sound discretion of the court.  *Schwarz v. Folloder*, 767 F.2d 125,129 (5th Cir. 1985) (citing, *La-Tex Supply Co. v. Fruehauf Trailer Division*, 444 F.2d 1366, 1368 (5th Cir. 1971)).

Notwithstanding this discretion, voluntary dismissals "should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor*, 279 F.3d at 317 (citing *Manshack v. Southwestern Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990)).  The primary consideration is whether the non-movant would be prejudiced or unfairly affected.  *Id.* at 317-18.

Courts have found plain legal prejudice when the plaintiff moves to dismiss the case at a late stage of the proceedings after the parties have exerted significant time and effort, the plaintiff seeks to avoid an imminent adverse ruling, or if dismissal would cause the defendant to be stripped of an otherwise available defense if the case were to be re-filed.  *See In re FEMA Trailer Formaldahyde Products Liab. Litig.*, 628 F.3d at 162; *Hartford Acc. & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 360 (5th Cir. 1990).  In those cases where plain legal prejudice has been found, courts have often noted a combination of these factors.  *See  In re FEMA Trailer Formaldahyde Products Liab. Litig.*, 628 F.3d at 163 (affirming finding of prejudice based on the size and scope of a multiparty ligation where dismissal without prejudice was requested after trial date had been set for six months, it would require the court to re-align the parties, the re-alignment would almost surely add a different group of subsidiary defendants, the defendants would not be spared the continuing costs of legal defense because other plaintiffs remained, their investment in trial preparation would be wasted, and the other plaintiffs would be disadvantaged); *U.S. ex rel. Doe v. Dow Chemical Co.*, 343 F.3d 325 (5th Cir. 2003) (affirming a finding of prejudice where the plaintiff sought dismissal nine months after suit was filed, the parties had filed responsive pleadings, motions to compel, motions for expedited hearing,

motions to dismiss, motions for oral arguments, and a motion for rehearing, the plaintiff's case could be construed as having been substantially weakened when the United States declined to intervene, and counsel had been sanctioned by the district court for failure to participate in the discovery process); *Davis v. Huskipower Outdoor Equip. Corp.,* 936 F.2d 193, 199 (5th Cir.1991) (affirming finding of prejudice where motion to dismiss was filed after a year had passed since removal of the case, the parties had spent months filing pleadings, attending conferences, and submitting memoranda, and a magistrate judge had issued a recommendation adverse to the moving party's position); *Hartford Acc. & Indem. Co..*, 903 F.2d at 360 (affirming finding of prejudice where dismissal was requested nearly ten months after removal of action, hearings had been conducted on various issues, significant discovery had occurred, a defendant had already been granted summary judgment, and a jury trial had been set for the remaining defendants); *compare John M. Crawley, L.L.C. v. Trans-Net, Inc.*, 394 Fed. App'x 76 (5th Cir. 2010) (finding no prejudice where only seven months had elapsed between removal and the motion to dismiss, no dispositive motions had been filed, and depositions had not begun).

In this case, Plaintiff's motion to dismiss was filed nine months after removal of what was initially a *pro se* case, and four months after counsel entered his appearance. Although Defendant contends that Plaintiff failed to respond to its request for production of documents and interrogatories, no motion to compel was ever filed. While Defendant's preliminary dispositive motion had been pending for three months at the time Plaintiff filed his motion, no recommendation had yet been issued. Plaintiff's counsel represented to the Court that his failure to attend mediation was due to his mistake regarding the date; there is no evidence that the failure to appear was a delay tactic on the part of Plaintiff. The only hearing held was a telephonic status conference initiated by the Court after Defendant's joint status report was filed.

4

At that telephonic hearing, Plaintiff's counsel stated his intent to possibly seek dismissal, and the motion was filed approximately one week later.  There is no allegation that Defendant will be deprived of any defense as a result of a dismissal without prejudice.  While Defendant has expended some time and effort to defend this case, the facts in this case do not rise to same level of time and effort exerted in those cases where plain legal prejudice has been found.

Defendant opposes dismissal without prejudice because "it believes Plaintiff intends to file a new suit, after dismissing this one, in a further attempt to stall the foreclosure", and he "should not be permitted to game the system."  It is well-settled that the mere prospect of a second lawsuit does not suffice as plain legal prejudice to the non-movant, however.  *Hyde*, 511 F.3d at 509; *Elbaor,* 279 F.3d at 317 & n. 3 (citing *Manshack*, 915 F.2d at 174); *Davis*, 936 F.2d at 199.  Without more, Defendant's contention that the prospect of incurring more fees to defend a new cannot support a finding of plain legal prejudice.

Alternatively, Defendant requests that it be awarded attorneys' fees and costs for defending this suit if it is not dismissed with prejudice.  (doc. 21.)  Upon a finding of plain legal prejudice, courts may either deny the motion outright or "craft conditions that will cure the prejudice".  *In re FEMA Trailer Formaldahyde Products Liab. Litig.*, 628 F.3d at 163 (quoting *Elbaor*, 279 F.3d at 317-18).  Dismissal with prejudice is one option.  *Id.*  One of the curative conditions most often imposed is the assessment of the fees and costs of the dismissed defendant. *Mortgage Guar. Ins. Corp. v. Richard Carlyon Co.*, 904 F.2d 298, 300 (5th Cir. 1990) (affirming assessment of fees as a curative condition where motion to dismiss was filed on the first day of trial) (citing *LeCompte v. Mr. Chip, Inc.*, 528 F. 2d 601, 603 (5th Cir. 1976)).[1]  Here, the Court

---

[1]In support of its request for fees, Defendant cites *Bhullar v. Sonoco Prods. Co.,* No. 3:02-CV-2283-G, 2004 U.S. Dist. LEXIS 514, at *13 (N.D. Tex. 2004). In *Bhullar*, the plaintiff filed a motion to dismiss without prejudice while a dispositive motion was pending, and the Court conditioned dismissal without prejudice on the

has already determined that Defendant has not shown plain legal prejudice.  For this reason, no curative conditions such as dismissal with prejudice or an award of fees and costs are warranted.

## IV.  RECOMMENDATION

Plaintiff's opposed motion to dismiss without prejudice should be **GRANTED** unconditionally, and Defendant's alternative request for attorney's fees and costs should be **DENIED**.

**SO RECOMMENDED** on this 5th day of March, 2013.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

payment of the defendant's fees.  The *Bhullar* court did not first make a finding of plain legal prejudice as required by Fifth Circuit precedent before assessing the curative award of fees and costs, however.